OPINION
{¶ 1} Plaintiff-appellant Robert D. Roberts appeals the December 5, 2005 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Republic Storage Systems ("Republic Storage").
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1988, appellant injured his right shoulder while pulling a piece of metal from a machine at his employment. A claim was allowed for sprain and tendonitis of the right shoulder area. Appellant underwent surgery for the injury in 1990. His shoulder again began to bother him approximately five or six years after the surgery. He saw both a chiropractor and a doctor, and informed them he was having right shoulder problems. Neither the doctor, nor the chiropractor made a diagnosis.
 {¶ 3} On May 2, 2001, appellant filed a FROI (First Report of Injury) relative to his right shoulder, as well as his right hand and wrist. The FROI listed the date of injury as April 27, 2001, and stated his "right shoulder has been getting increasingly sore for about two years to the point of now being intense. This is also causing my hand and wrist to fall asleep or become numb. This is also affecting my sleep."
 {¶ 4} On December 17, 2001, the Staff Hearing Officer determined appellant contracted an occupational disease during the course of his employment, while repetitively lifting steel parts. The Staff Hearing Officer allowed the claim for right carpal tunnel syndrome. The Officer disallowed the claim for right shoulder impingement syndrome, finding there was no medical evidence the condition was directly caused by claimant's work activities, but rather was due to an underlying arthritic condition. On January 11, 2002, the Industrial Commission concurred with the Staff Hearing Officer.
 {¶ 5} Appellant initiated this action seeking a determination his right shoulder condition is compensable as a work related injury under R.C. 4123. Republic Storage moved for summary judgment based upon the statute of limitations, and asserted appellant's injury is not compensable because it was caused by natural deterioration or aging.
 {¶ 6} The trial court determined the only admissible evidence during the summary judgment proceedings were the admissions contained in the pleadings, including the complaint and the answer of the parties, as well as appellant's testimony in his deposition transcript. The trial court also considered the proceedings at the administrative level.
 {¶ 7} On June 22, 2004, the trial court granted the motion for summary judgment, finding the "injury" occurred at least as early as 1995, well beyond the two year statute of limitations in R.C. 4123.84. The trial court further found appellant failed to produce evidence to support a compensable occupational injury.
 {¶ 8} Appellant appealed to this Court, which reversed and remanded, finding the trial court committed error in applying the two year statute of limitations applicable to occupational injuries found in R.C. 4123.84. See, Roberts v. Republic StorageSystems, (April 25, 2005) Stark App. No. 2004 CA 00230. This Court remanded the matter with instructions to the trial court to determine if appellant's claim was barred by the occupational disease statute of limitations found in R.C. 4123.85.
 {¶ 9} Republic Storage moved for summary judgment a second time in October, 2005. Therein, Republic Storage asserted appellant's claim is barred by R.C. 4123.85. The trial court sustained that motion for summary judgment on December 5, 2005.
 {¶ 10} It is from this Judgment Entry appellant appeals, raising the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT ERRED BY PERMITTING THE DEFENDANT/APPELLEE TO ASSERT FOR THE FIRST TIME IN ITS SECOND MOTION FOR SUMMARY JUDGMENT THAT THE PLAINTIFF/APPELLANT'S CLAIM SHOULD BE DISMISSED BECAUSE SUCH CLAIM WAS FOR THE SAME PHYSICAL CONDITION ALLOWED TO THE PLAINTIFF IN A PRIOR WORKERS COMPENSATION CLAIM, WHEN SUCH ASSERTION BY THE DEFENDANT/APPELLEE WAS NOT MADE PREVIOUSLY DURING EITHER THE ADMINISTRATIVE PROCESS BEFORE THE INDUSTRIAL COMMISSION OR DURING THE PROCEEDINGS IN THE TRIAL COURT.
 {¶ 12} "II. THE TRIAL COURT ERRED BY FINDING THAT THE PLAINTIFF/APPELLANT'S CLAIM WAS BARRED BY THE WORKERS COMPENSATION OCCUPATIONAL DISEASE STATUTE OF LIMITATIONS BECAUSE IT WAS THE SAME OCCUPATIONAL DISEASE AS WAS THE SUBJECT OF A PRIOR CLAIM, WHEN THE EVIDENCE WAS IN CONFLICT AND CONTAINED REASONABLE DISPUTES OF MATERIAL FACT CONCERNING WHETHER THE PLAINTIFF HAD RECOVERED FROM HIS CONDITION WITH RESPECT TO THE PREVIOUS CLAIM AND WAS ENTITLED TO TREAT THE RECURRENCE OF THE SAME OCCUPATIONAL DISEASE AS A NEW CLAIM WITH A NEW STATUTE OF LIMITATIONS.
 {¶ 13} "III. THE TRIAL COURT ERRED BY ACCEPTING ARGUMENTS OF THE DEFENDANT/APPELLEE WHICH WERE IN CONFLICT WITH EARLIER POSITIONS STATED BY THE DEFENDANT/APPELLEE IN BRIEFS FILED BEFORE THE TRIAL COURT, THIS COURT, AND THE OHIO SUPREME COURT, REGARDING THE QUESTION OF WHETHER THE PLAINTIFF/APPELLANT'S OCCUPATIONAL DISEASE WHICH BEGAN IN 1988 IN THE RIGHT SHOULDER HAD ABATED AFTER SURGERY IN 1990, AND THEN RETURNED IN APPROXIMATELY 1996."
 Standard of Review {¶ 14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 15} Civ.R. 56(C) states, in pertinent part:
 {¶ 16} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 17} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 18} It is based upon this standard we review appellant's assignments of error.
 I {¶ 19} In his first assignment of error, appellant asserts the trial court erred in allowing Republic Storage to assert, for the first time in its second motion for summary judgment, appellant's claim should be dismissed because such claim was for the same physical condition which gave rise to a prior workers compensation claim for which appellant received benefits. Specifically, appellant argues Republic Storage did not raise this assertion during the administrative process or during the proceedings in the trial court; therefore, should be precluded from raising such now.
 {¶ 20} As stated, supra, Republic Storage filed its initial motion for summary judgment, arguing, inter alia, appellant's claim was barred by the statute of limitations. In Roberts I,
this Court remanded the matter with instructions to the trial court to consider appellant's claim in light of R.C. 4123.85. Upon remand, Republic moved for summary judgment, arguing the claim was barred by R.C. 4123.85.
 {¶ 21} The doctrine of the law of the case mandates that lower courts must apply the law as determined by appellate courts on legal questions involved for all subsequent proceedings at both the trial and reviewing levels. Nolan v. Nolan (1984),11 Ohio St. 3d 1. The doctrine of the law of the case is applicable herein to the extent the trial court must adjudicate this case as an occupational disease, not an injury. Because this Court made no ruling as to the merits of whether the occupational disease statute of limitations had been triggered, the trial court was not precluded from considering Republic Storage's Second Motion for Summary Judgment based on the occupational disease statute of limitations, R.C. 4123.85. However, once jurisdiction was reinvested in the trial court, the trial court was then free to entertain any additional motions it might otherwise have entertained as the court of original jurisdiction, including Republic Storage's new argument appellant's shoulder problem was not a new occupational disease, but rather an aggravation of a pre-existing condition.
 {¶ 22} Appellant's first assignment of error is overruled.
 II {¶ 23} In his second assignment of error, appellant asserts the trial court erred in finding his claim was barred by the statute of limitations. We agree.
 {¶ 24} The trial court found appellant's workers' compensation claim was time barred based on the Ohio Supreme Court's in White v. Mayfield (1988), 37 Ohio St.3d 11,523 N.E.2d 497. In White v. Mayfield, the Supreme Court interpreted the statute of limitations outlined in R.C. § 4123.85, and set forth a three-prong test for determining the onset of a disability. The Court held "disability due to an occupational disease shall be deemed to have begun as of [1] the date on which the claimant first became aware through medical diagnosis that he was suffering from such disease, or [2] the date on which he first received medical treatment for such disease, or [3] the date claimant first quit work on account of such disease, whichever date is latest." Id. at syllabus.
 {¶ 25} The trial court found "the statute of limitations for the occupational disease of right shoulder impingement was triggered" when appellant "was first diagnosed with such disease in 1990, at which time he underwent surgery and missed work and, therefore, was disabled with the meaning of R.C. 4123.85." Dec. 5, 2005 Judgment Entry at 8-9.
 {¶ 26} When construing the evidence in a light most favorable to appellant as required by Civ. R. 56(C), we find reasonable minds could disagree as to whether appellant's present claim is the result of an occupational disease which began to manifest itself five years after his return to work following his 1990 surgery or was extant prior to his 1990 surgery. At a minimum, there appears to be a disputed fact whether his 1988 claim was the result of an occupational disease or an occupational injury. To reiterate, the 1988 claim was recognized by the Industrial Commission as an occupational injury, not an occupational disease. Assuming, arguendo, the 1988 claim was actually an occupational injury, left unanswered is when appellant first became aware, through medical diagnosis, he was suffering from an occupational disease, as opposed to having suffered an occupational injury.[1]
 {¶ 27} Based on the foregoing, appellant's second assignment of error is sustained.
 III {¶ 28} In his third assignment of error, appellant asserts the trial court erred in accepting arguments of Republic Storage which were in conflict with earlier positions taken by Republic Storage before the trial court, this Court, and the Ohio Supreme Court. We disagree.
 {¶ 29} "The doctrine of judicial estoppel prevents a litigant who has successfully taken a position in one action from taking a contradictory position in a subsequent action." Stanley v.Miamisburg (Jan. 28, 2000), Montgomery App. No. 17912, unreported, citing Scioto Mem. Hosp. Assn., Inc. v. PriceWaterhouse (1996), 74 Ohio St.3d 474, 481, 659 N.E.2d 1268. Judicial estoppel "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment."Teledyne Indus., Inc. v. NLRB (C.A.6, 1990), 911 F.2d 1214,1218.
 {¶ 30} We find the doctrine of judicial estoppel to be inapplicable to the case sub judice. In the instant case, there was no prior proceeding in which Republic Storage was successful on a contrary position.
 {¶ 31} Based on the foregoing, appellant's third assignment of error is overruled.
 {¶ 32} The judgment of the Stark County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion and the law.
Hoffman, P.J. Edwards, J. concur, and Boggins, J. dissents.
[1] The trial court concludes appellant was first diagnosed with an occupational disease in 1990. Although appellant underwent surgery for right shoulder impingement in 1990, we are unable to determine upon what evidence the trial court concluded appellant was diagnosed as suffering from an occupational disease at that time.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion. Costs assessed to appellee.